IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **KHALED RIKABI, M.D.** | § | **PLAINTIFF** |
| | § | |
| v. | § | **CAUSE NO. 1:05CV102** |
| | § | |
| **JIM NICHOLSON, SECRETARY,** | § | |
| **DEPT. OF VETERANS AFFAIRS** | § | **DEFENDANT** |

**MEMORANDUM OPINION AND ORDER GRANTING**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

THE MATTER BEFORE THE COURT is the Motion for Summary Judgment [16] filed by Defendant Jim Nicholson, Secretary, Department of Veterans Affairs (the "Secretary"). Plaintiff Khaled Rikabi, M.D. ("Rikabi") filed a response, and the Secretary filed a rebuttal. After due consideration of the submissions and the relevant law, it is the Court's opinion that Plaintiff has failed to show that there is a question of material fact for the jury in this Title VII employment discrimination case. The Defendant is therefore entitled to judgment as a matter of law.

DISCUSSION

Plaintiff Rikabi is a Muslim of Lebanese origin, obtaining his U.S. citizenship in February 2002. He is also a physician specializing in infectious disease. He was temporarily employed by the federal government in a series of contracts from August 1986 to March 2003 at the Biloxi VA Medical Center ("Medical Center"). He was terminated on March 27, 2003, after receiving two-weeks notice as required by regulation. Rikabi contacted a VA EEO counselor on June 17, 2003 (82 days after his termination) after discovering that the Medical Center was advertising his previous position of Director of Occupational Health Services. He claims a hostile work environment was created and his termination eventually resulted because of animus

toward him as a Lebanese Muslim.  He also claims that after his employment ended, his services as a consulting physician at the Medical Center were not utilized in retaliation for his EEO complaint.

HOSTILE WORK ENVIRONMENT AND WRONGFUL TERMINATION:

It is well settled that a federal employee may sue his employer under Title VII only after he has exhausted his administrative remedies.  *Brown v. General Servs. Admin.,* 425 U.S. 820, 835 (1976); *Fitzgerald v. United States Dep't of Veterans Affairs,* 121 F.3d 203, 206 (5th Cir. 1997); *Pacheco v. Rice,* 966 F.2d 904, 905 (5th Cir. 1992).  The Fifth Circuit has often stated that a federal employee's pursuit of appropriate administrative procedures is a jurisdictional prerequisite to filing a civil action.  *See, e.g., Sanders v. Reno,* 186 F.3d 684, 685 (5th Cir.1999); *Randel v. United States Dep't of Navy,* 157 F.3d 392, 395 (5th Cir. 1998); *Barnes v. Levitt,* 118 F.3d 404, 409 (5th Cir. 1997); *Dollis v. Rubin,* 77 F.3d 777, 781 (5th Cir. 1995).  The employee must establish waiver, estoppel, or equitable tolling to circumvent this requirement.  *Id.*  Title 29 C.F.R. § 1614.105(a) requires that a federal employee who believes he has been discriminated against on the basis of race, color, religion, sex, national origin, age, or handicap contact an EEO counselor within 45 days of the discriminatory act or the effective date of the personnel action.[1]  If the employee fails to do so, his claim is barred. *See Teemac v. Henderson,* 298 F.3d 452, 454 (5th Cir. 2002) and *Pacheco v. Rice,* 966 F.2d 904, 905 (5th Cir. 1992).

Rikabi does not argue with the Secretary's assertion that he failed to exhaust his

---

[1] Plaintiff's claim of retaliation is also subject to this time limitation.  "Complaints alleging retaliation prohibited by these statutes are considered to be complaints of discrimination for purposes of this part."  29 CFR § 1614.103(a).

administrative remedies by failing to contact an EEO counselor within 45 days of the alleged discriminatory actions.[2] He does not attempt to establish waiver, estoppel, or equitable tolling. The Court therefore finds that there is no question of material fact for the jury regarding the hostile work environment and wrongful termination claims. These alleged acts of discrimination are time-barred as a matter of law and summary judgment in favor of the Secretary is appropriate.

RETALIATION:

In Title VII retaliation cases, the plaintiff must first make the following prima facie showing: "(1) that he engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse action." *Raggs v. Miss. Power & Light Co.,* 278 F.3d 463, 471 (5th Cir.2002). The causal link required by the third prong of the prima facie case does not rise to the level of a "but for" standard. *Id.* The plaintiff "need not prove that her protected activity was the sole factor motivating the employer's challenged decision in order to establish the 'causal link' element of a prima facie case." *Long v. Eastfield Coll.,* 88 F.3d 300, 305 n. 4 (5th Cir.1996) (citation omitted). "Assuming the plaintiff is able to establish his prima facie case, the burden then shifts to the defendant to demonstrate a legitimate nondiscriminatory purpose for the employment action." *Aldrup v. Caldera,* 274 F.3d 282, 286 (5th Cir.2001). If the defendant satisfies this burden, the plaintiff must prove that the employer's stated reason for the adverse action was merely a pretext

---

[2] Although the Secretary discerns a "continuing violations" argument in Plaintiff's response memorandum, the Court finds only recitation of the law related to the continuing violations doctrine. Plaintiff does not argue that this doctrine applies to his hostile work environment claim, nor does he attempt to apply the doctrine to the facts of this case. In any event, Plaintiff may not use a timely retaliation claim - which concerns a discrete employment action - to "salvage" an untimely hostile work environment claim. *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 280 (5th Cir. 2004).

for the real, discriminatory purpose, *id*., or that plaintiff's protected status was a reason for the employment decision.  *Rachid v. Jack In the Box, Inc.*, 376 F.3d305 (5th Cir. 2004).  At the summary judgment stage, the nonmovant need only point to the existence of a genuine issue of material fact.

After Ribaki was terminated from his position as Director of Occupational Health Services, he continued to work for the Medical Center on a fee-based contract arrangement for several months.  He alleges that the Chief of Staff, Dr. Gregg Parker, instructed Medical Center staff not to use Ribaki's fee-based service in retaliation for Ribaki's EEO complaint.  According to Ribaki, his complaint and Dr. Parker's decision occurred on the same day.  (Pl. Exh "A," Pt. 2, pg. 116).  Although Ribaki was no longer an employee at the time of this alleged retaliatory event, he may bring a Title VII action for post-employment actions.  *Robinson v. Shell Oil Co.*, 519 U.S. 337, 345-46 (1997).  He asserts that the temporal proximity of the events provides the necessary causal connection:

> Q. Well, you have alleged in your lawsuit that the reason Dr. Parker gave instructions not to use your fee-basis service was retaliation for your filing an EEO complaint in this case.
>
> A. Yes.
>
> Q. What facts do you have to support that claim?
>
> A. The fact that  - - The time frame.  I filed for EEO.  These behaviors start showing immediately, on the same day I filed the EEO complaint.
>
> Q. Other than the timing, are there any other facts that you have that you believe support your claim that Dr. Parker instructed that your –
>
> A. No.
>
> Q. – fee-basis service not be used because you filed an EEO complaint?

      A.      No.

Pl. Resp. Exh. "A" - Part 1, pg. 116

      Close timing between an employee's protected activity and an adverse action against him may provide the "causal connection" required to make out a *prima facie* case of retaliation. *Armstrong v. City of Dallas,* 997 F.2d 62, 67 (5th Cir. 1993).  However, "the mere fact that some adverse action is taken *after* an employee engages in some protected activity will not *always* be enough for a *prima facie* case."  *Swanson v. General Services Admin,.* 110 F.3d 1180, 1188 (5th Cir. 1997) (emphasis in original).  If timing alone were enough, any action taken against Rikabi after June 17, 2003, no matter how justified, could be sustained as discriminatory. "Title VII's protection against retaliation does not permit EEO complainants to disregard work rules or job requirements."  *Id.*  In this case, the immediacy of the purported reaction to Ribaki's EEO activity is sufficient to provide the causal connection for summary judgment purposes.  *Jones v. Robinson Prop. Group, L.P.*, 427 F.3d 987, 995 (5th Cir. 2005).  Ribaki has therefore established his *prima facie* case.  His former employer has the burden of offering a legitimate, nondiscriminatory reason for its action that explains both the adverse action and the timing.  *Swanson*, 110 F.3d at 1188.

      It is undisputed that after Rikabi's temporary contract was terminated he continued to see patients at the Medical Center on a fee basis as an infectious disease consultant.  After a number of months, Dr. Parker recommended that when an infectious disease consult was needed either the services of another local infectious disease specialist or the services of infectious disease physicians stationed at Keesler Air Force Base be utilized before Rikabi was called.  (Pl. Resp. Exh. "D," pgs. 9-11).  Dr. Parker ordered his provider preference this way because "of the

response and the care that [Ribaki] gave I decided at that point that it was not worth it to try to work with him. I had concerns about after hours access, responsiveness and timeliness of seeing patients." (Pl. Resp. Exh. "D," pg. 9). Ribaki testified that calls from the Medical Center dropped off in June 2003 and stopped altogether in March 2004. (Pl. Resp. Exh. "A," Part II, pg. 113-14).

Although Ribaki alleges that Dr. Parker's decision was made as a result of Ribaki's EEO complaint, he provides no competent summary judgment evidence showing that Dr. Parker was aware of the complaint. Dr. Parker denied that he knew about Ribaki's EEO activity, (Pl. Resp. Exh. "D," pg. 4), and denied that he discriminated against Ribaki because of his prior EEO activity. *Id*.at 16. Ribaki's unsubstantiated assertion that Dr. Parker instructed Medical Center staff not to use Ribaki's fee-based service in retaliation for Ribaki's EEO complaint is insufficient to meet his summary judgment burden to offer some evidence from which the jury may infer that retaliation was the real motive. *See Foval v. First Nat'l Bank of Commerce*, 841 F.2d 126, 129 (5th Cir. 1988); *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1995 (5th Cir. 1986)("There is no sound reason why conclusory allegations should suffice to require a trial when there is no evidence to support them..."); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256-57 (1986).

The Court therefore concludes that in the absence of any evidence that Dr. Parker's stated reasons for instructing Medical Center staff not to use Ribaki's fee-based service are a pretext for a true retaliatory reason, Ribaki's claim of retaliation fails. The Secretary is entitled to judgment as a matter of law.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Summary

Judgment [16] filed by Defendant Jim Nicholson, Secretary, Department of Veterans Affairs, is **GRANTED**. Plaintiff's claims against the Defendant are **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 16th day of November, 2006.

                                                s/ *Louis Guirola, Jr.*
                                                LOUIS GUIROLA, JR.
                                                UNITED STATES DISTRICT JUDGE